B 104 [08/07]

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|

| **PLAINTIFFS** <br> RICHARD M KIPPERMAN, CHAPTER 7 TRUSTEE | **DEFENDANTS** <br> JAN BERNARD AUSDEMORE, an individual; BARBARA MARIE AUSDEMORE, an individual; and LUKE MICHAEL AUSDEMORE FOUNDATION, LLC, an Oklahoma Limited Liability Company |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> GARY E. SLATER (SBN: 99141) <br> TIMOTHY J. TRUXAW (SBN: 106428) <br> Slater & Truxaw, LLP <br> 15373 Innovation Drive, Suite 210 <br> San Diego, CA 92128 <br> (858) 675-0755 Tel. <br> (858) 675-0733 Fax | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☒ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for: 1. Avoidance and Recovery of Fraudulent Transfers [U.S.C. § 548(a)(1)(B); 2. Avoidance and Recovery of Fraudulent Transfers [11 U.S.C. § 548(a)(1)(A); 3. Avoidance of Fraudulent Transfer [11 U.S.C. § 544(b); 4. Damages-Conspiracy; 5. Turnover of Property of the Estate; 6. Injunctive Relief; and Accounting [11 U.S.C. §§ 541, 542, 544, 548 and 550; 28 U.S.C. § 2201]

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [X] 11 - Recovery of money/property - § 542 turnover of property
- [ ] 12 - Recovery of money/property - § 547 preference
- [X] 13 - Recovery of money/property - § 548 fraudulent transfer
- [ ] 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
- [ ] 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61 - Dischargeability - § 523(a)(5), domestic support
- [ ] 68 - Dischargeability - § 523(a)(6), willful and malicious injury
- [ ] 63 - Dischargeability - § 523(a)(8), student loan
- [ ] 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71 - Injunctive relief - reinstatement of stay
- [ ] 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01 - Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*
- [ ] 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 350,000 |

Other Relief Sought

B 104

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br><br>JAN BERNARD AUSDEMORE AKA DBTI, dba DESIGN/BUILD TENANT IMPROVEMENT | | BANKRUPTCY CASE NO.<br><br>14-03693-MM7 |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern | DIVISIONAL OFFICE | NAME OF JUDGE<br>Hon. Margaret M. Mann |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ GARY E. SLATER | |
|---|---|
| DATE<br>9/11/14 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>GARY E. SLATER |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

GARY E. SLATER (Bar No. 99141)
TIMOTHY J. TRUXAW (Bar No. 106428)
**SLATER & TRUXAW, LLP**
15373 Innovation Drive, Suite 210
San Diego, California 92128
Telephone: (858) 675-0755/Facsimile: (858) 675-0733

Attorneys for Plaintiff, Richard M Kipperman, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>**JAN BERNARD AUSDEMORE aka DBTI, dba DESIGN/BUILD TENANT IMPROVEMENT**<br><br>Debtor.<br><br>**RICHARD M KIPPERMAN, Chapter 7 Trustee,**<br><br>Plaintiff,<br><br>v.<br><br>**JAN BERNARD AUSDEMORE, an individual; BARBARA MARIE AUSDEMORE, an individual; and LUKE MICHAEL AUSDEMORE FOUNDATION, LLC, an Oklahoma Limited Liability Company**,<br><br>Defendant. | Case No. 14-03693-MM7<br><br>**Adv. Proceeding No.:**_____<br><br>Chapter 7<br><br>**COMPLAINT FOR**<br><br>**1. AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS** [*11 U.S.C. § 548(a)(1)(B)*]**;**<br>**2. AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS** [*11 U.S.C. § 548(a)(1)(A)*]**;**<br>**3. AVOIDANCE OF FRAUDULENT TRANSFER** [*11 U.S.C. § 544(b)*]**;**<br>**4. DAMAGES – CONSPIRACY,**<br>**5. TURNOVER OF PROPERTY OF THE ESTATE;**<br>**6. INJUNCTIVE RELIEF, RELIEF; and**<br>**7. ACCOUNTING,**<br><br>[*11 U.S.C. §§ 541, 542, 544, 548, and 550; 28 U.S.C. § 2201*]<br><br>Judge: Honorable Margaret M. Mann |

Plaintiff RICHARD M KIPPERMAN, Chapter 7 Trustee (*"Plaintiff"*), as trustee of the above-captioned bankruptcy estate (*"Estate"*) of JAN BERNARD AUSDEMORE aka DBTI, dba DESIGN/BUILD TENANT IMPROVEMENT ("Debtor"), alleges as follows:

**PARTIES**

1. On May 8, 2014 (*"Petition Date"*), Debtor commenced the above-captioned bankruptcy case (*"Case"*) by the filing of his voluntary petition for relief under chapter 7 of Title 11, United States Code (*"Bankruptcy Code"*). Pursuant to the order of the above-captioned United States Bankruptcy Court (*"Court"*), Plaintiff was appointed and, at all times herein mentioned, is and has been serving as the trustee and sole duly authorized representative of Debtor's chapter 7 Estate pursuant to Bankruptcy Code § 704.

2. Defendant JAN BERNARD AUSDEMORE, an individual (*"Jan"*), is named as a defendant herein solely for purposes of having all interested parties before the Court for a determination of the rights and interests which are the subject of this dispute. Plaintiff is informed and believes and thereon alleges that Jan has or claims to have an interest in the Subject Property and/or the Foundation referred to below.

3. Defendant BARBARA MARIE AUSDEMORE, an individual (*"Barbara"*), is named as a defendant herein solely for purposes of having all interested parties before the Court for determination of the rights and interests which are the subject of this dispute. Plaintiff is informed and believes and thereon alleges that Barbara has or claims to have an interest in the Subject Property and/or the Foundation referred to below.

4. The defendant named herein as LUKE MICHAEL AUSDEMORE FOUNDATION, LLC (*hereinafter "LLC"*) is named solely for purposes of bringing all interested parties before the Court for determination of the rights and interests which are the subject of this dispute. Plaintiff is informed and believes and thereon alleges that the LLC was formed by Debtor as an Oklahoma limited liability company and that Plaintiff, as trustee herein and successor in interest to any right, title and interest of the Debtor therein, is now the sole member having authority with respect to the LLC and any property interests it may have.

**JURISDICTION**

5. Plaintiff commences this adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (*"Bankruptcy Rules"*), seeking relief pursuant to, *inter alia*, §§ 542, 544, 548, and 550 of the United States Bankruptcy Code *("Bankruptcy Code")*,

1  including avoidance and recovery of transfers made by the Debtor to or for the benefit of himself
2  and to the detriment of his creditors.

3        6.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§
4  157 and 1334, and General Order 312-E of the United States District Court for the Southern
5  District of California.

6        7.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A),
7  (E), (F), (H), (K) and (O) in that this is a proceeding seeking relief pursuant to, *inter alia*,
8  Bankruptcy Code §§ 542, 544, 548 and 550, including avoidance and recovery of fraudulent
9  transfers made by the Debtor and for damages, an accounting and declaratory relief under
10 Bankruptcy Code § 541 and 28 U.S.C. § 2201.  Plaintiff consents to entry of final orders and
11 judgment by the judges of the above-captioned Court.

## **VENUE**

13       8.      Venue of this adversary proceeding is proper under 28 U.S.C. § 1409 in that this
14 proceeding arises in or relates to Debtor's Case which is now pending before this Court.

## **FACTUAL BACKGROUND**

16       9.      Plaintiff is informed, believes and thereon alleges that on or about February, 2008,
17 the Debtor and his son, Luke Ausdemore acquired the real property commonly known as 6002 E.
18 76 Court, in the City of South Tulsa, State of Oklahoma ("Subject Property"), as joint tenants.  A
19 true and correct copy of the Corporation Warranty Deed - Joint Tenancy recorded in the Official
20 Records of Tulsa County, Oklahoma on February 28, 2008, memorializing the purchase
21 transaction is attached hereto as Exhibit "A".  Plaintiff is informed and believes that Exhibit A
22 contains a complete legal description of the Subject Property.

23       10.    Plaintiff is informed, believes and thereon alleges that on or about October 5, 2010,
24 the Debtor's son, Luke Ausdemore, was deceased.

25       11.    Plaintiff is informed, believes and thereon alleges that on or about February1, 2013,
26 the Debtor caused the recording of an Affidavit of Surviving Joint Tenant in the Official Records
27 of Tulsa County, Oklahoma ("Affidavit") relative to the Subject Property.  Plaintiff is informed
28 and believes that the legal effect of the recording of the Affidavit was that sole title to the Subject

SLATER & TRUXAW
15373 INNOVATION DRIVE, SUITE 210
SAN DIEGO, CALIFORNIA 92128

Property became vested in the name of the Debtor and only the Debtor. A true and correct copy of the Affidavit of Surviving Joint Tenant is attached hereto as Exhibit "B".

12. Plaintiff is informed, believes and thereon alleges that on or about April 23, 2013, the Debtor and his wife, Barbara[1] executed a Quit Claim Deed in which they conveyed the Subject Property to the Luke Michael Ausdemore Foundation, for no consideration. A true and correct copy of the Quit Claim Deed recorded in the Official Records of Tulsa County, Oklahoma on April 30, 2008, memorializing the transfer ("Transfer") to the LLC is attached hereto as Exhibit "C".

13. Plaintiff is informed and believes that Debtor is the sole manager and member of the LLC.

14. Plaintiff alleges on information and belief that Debtor alone (and not the LLC) paid all funds for the purchase of the Subject Property.

15. Plaintiff alleges on information and belief that, at all times relevant to the subject matter of this complaint, the LLC is and was a single-member LLC for which the Debtor is and was the sole member.

16. Plaintiff further alleges on information and belief, that the LLC is not an entity which is separate and distinct from Debtor and, therefore, all property of the LLC is property of the Estate.

## FIRST CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfers - 11 U.S.C. §§ 548(a)(1)(B) and 550)**

17. Plaintiff realleges and incorporates by this reference paragraphs 1 through 16 of this complaint as though fully set forth herein.

18. Plaintiff alleges on information and belief that within two years prior to the Petition Date, Defendants Barbara and the LLC were each an "insider" of the Debtor as that term is defined by Bankruptcy Code § 101(31) and applicable case law, and each received from Debtor

---

[1] The public record in Tulsa County, Oklahoma does not immediately reveal that Barbara Ausdemore ever had an ownership in the Subject Property, even though she is listed on the subject Quit Claim Deed.

during such period, an interest in the Subject Property for no consideration (*the "Fraudulent Transfer"*).

19.     Plaintiff alleges on information and belief that, at the time when Debtor and/or Barbara made the Fraudulent Transfer and as a result thereof, Debtor's liabilities exceeded his assets, and Debtor was failing to generally pay his debts as they came due; and, therefore, Debtor was insolvent on the date when Debtor made the Fraudulent Transfer, or Debtor became insolvent as a result of the Fraudulent Transfer.

20.     Plaintiff alleges on information and belief that, at the time when Debtor and/or Barbara made the Fraudulent Transfer and as a result thereof, Debtor was engaged in businesses for which any property remaining with the Debtor and such businesses after the Fraudulent Transfer was an unreasonably small capital, Debtor had incurred debts that would be beyond his ability to pay as such debts matured, and the effect of the Fraudulent Transfer was to enable the Defendants to receive more than such Defendants would receive under chapter 7 of the Bankruptcy Code if the Fraudulent Transfer had not been made and such Defendants received payment on account of such debt to the extent solely permitted under the Bankruptcy Code.

21.     Plaintiff is informed, believes and thereon alleges that the Fraudulent Transfer constitutes a fraudulent transfer within the meaning of 11 U.S.C. § 548(a)(1)(B) and is therefore avoidable by Plaintiff.

22.     Plaintiff is informed, believes and thereon alleges that, upon avoidance of the Fraudulent Transfer alleged herein, Plaintiff is entitled, pursuant to 11 U.S.C. § 550, to recover for the benefit of the Estate the money or property transferred or, if the Court so orders, the value of such money or property from the Defendants, the initial transferee of each such transfer (or such person, trust or entity for whose benefit each such transfer was made), and/or any immediate or mediate transferee of each such initial transferee.

## SECOND CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfers - 11 U.S.C. §§ 548(a)(1)(A) and 550)**

23.     Plaintiff realleges and incorporates by this reference paragraphs 1 through 22 of this complaint as though fully set forth herein.

24. Plaintiff is informed and believes and thereon alleges that Jan and/or Barbara made the Fraudulent Transfer to the LLC within two years before the Petition Date with the actual intent to hinder, delay, or defraud creditors and parties-in-interest to which the Debtor was or became indebted, on or after the date of the Fraudulent Transfer.

25. As a consequence of the Fraudulent Transfer by Jan and/or Barbara to the LLC, the Fraudulent Transfer is avoidable pursuant to 11 U. S. C. 548(a)(1)(A).

### THIRD CLAIM FOR RELIEF OF ACTION

**[Avoidance of Fraudulent Transfer -**

**11 U.S.C. § 544(b); Cal. Civ. Code §§ 3439.04(b)(2), 3439.05]**

26. Plaintiff realleges and hereby incorporates herein by reference paragraphs 1 through 25, inclusive, of this complaint.

27. Pursuant to 11 U.S.C. § 544(b), Plaintiff is asserting the rights of creditors having unsecured claims against the Debtor, who were creditors with matured claims at the time of the Fraudulent Transfer described above and who would otherwise have standing to avoid the conveyances under applicable law.

28. Plaintiff is informed and believes and thereon alleges that Debtor's Fraudulent Transfer of his interests in the Subject Property alleged hereinabove was and is a fraudulent transfer pursuant to Cal. Code Civ. P. §§ 3439.04(b)(2) and 3439.05, as evidenced by the following "badges of fraud":

    A. The transfer was made after the Debtor had incurred several substantial debts as revealed in Debtor's schedules on file in this case, which debts remain unpaid;

    B. The transfer was to an "insider" as that term is defined in § 101(31) of the Bankruptcy Code;

    C. The transfer occurred with regard to one of Debtor's valuable assets;

    D. Debtor did not receive reasonably equivalent consideration for the transfer;

    E. The transfer rendered the Debtor insolvent; and

    F. The transfer occurred at a time when the Defendants, and each of them, intended and/or believed and/or reasonably should have believed that Debtor had or would incur

debts which would be beyond his ability to pay as such debts became due.

29. By reason of the foregoing, the Fraudulent Transfer is voidable pursuant to Cal. Civ. Code § 3439.07(a)(1) and 11 U.S.C § 544(b).

## FOURTH CLAIM FOR RELIEF

### [Damages - Conspiracy]

30. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 29, inclusive, of this complaint.

31. Plaintiff is informed, believes and thereon alleges that, in the manner and by the actions alleged hereinabove, Defendants, and each of them, knowingly and willfully conspired between themselves to hinder, delay, and defraud Debtor's creditors in the collection of his creditors' claims against the Debtor and Debtor's property.

32. Plaintiff is informed, believes and alleges that, under this conspiracy, Defendants agreed among themselves to cause the Fraudulent Transfer and to thereby purport to place all ownership rights respecting the Subject Property solely in the name of the Defendant LLC for the purpose of seeking to prevent the recovery of claims and debts by the Debtor's creditors from said property until such time as the statute(s) of limitations and/or a discharge in the Case would bar or appear to bar the enforcement of such claims and debts.

33. Plaintiff is informed, believes and alleges that Defendants did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement herein alleged, and with the knowledge that the claims and debts of the Debtor's creditors should be satisfied out of the Subject Property. Notwithstanding this knowledge, Plaintiff is informed and believes and thereon alleges that Defendants intentionally, willfully, fraudulently, and maliciously did the things herein alleged to defraud and oppress Debtor's creditors and Plaintiff. Plaintiff is therefore entitled to exemplary or punitive damages in a sum of not less than treble the amount of the general damages allowed herein, the exact amount of which shall be determined at the trial or other evidentiary hearing in this adversary proceeding.

/ / /

/ / /

## FIFTH CLAIM FOR RELIEF

### (Turnover of Property of the Estate - 11 U.S.C. §§ 542)

34.  Plaintiff realleges and incorporates by this reference paragraphs 1 through 33 of this complaint as though fully set forth herein.

35.  Plaintiff is informed, believes and thereon alleges that Defendants, or some of them, are in possession of the Subject Property; that Plaintiff is entitled to the immediate turnover of the Subject Property to Plaintiff for administration; and that, to any extent that the Subject Property has been further transferred, expended, disposed of or rendered not recoverable herein, then Plaintiff is entitled to a money judgment for reasonable value of the Subject Property as of the Petition Date.

## SIXTH CLAIM FOR RELIEF

### [Injunctive Relief - Cal. Civ. Code § 3439.07]

36.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 35, inclusive, of this complaint.

37.  By reason of the foregoing, in addition to all other relief to which Plaintiff may be entitled herein, pursuant to Cal. Civ. Code § 3439.07, Plaintiff is entitled to and hereby requests that the Court immediately issue a temporary restraining order and, pending the final disposition of this adversary proceeding, a preliminary injunction restraining Defendants, their attorneys, representatives, agents, transferees, successors, and each of them, from selling, transferring, conveying, encumbering, or making any disposition of the Subject Property, and of all proceeds and profits thereof, pending the final disposition of this adversary proceeding.

## SEVENTH CLAIM FOR RELIEF

### [Accounting]

38.  Plaintiff realleges and incorporates by this reference paragraphs 1 through 37 of this complaint as though fully set forth herein.

39.  Defendants have not accounted to Plaintiff with respect to all property of the Estate and the Fraudulent Transfer. Plaintiff, as successor to all rights, claims and interests of Debtor, is entitled to and hereby requests from each of the Defendants an accounting of all of such items,

funds, properties, and transactions, together with complete supporting documentation for the same.

## RESERVATION OF RIGHTS

40.     Plaintiff reserves his right to supplement and/or amend any of the allegations contained in this complaint, including without limitation the right to (i) make modifications and/or revisions to identities, names or capacities of Defendants alleged herein; (ii) allege claims against additional defendants, including without limitation initial, mediate or other transferees and/or conduits by or through which any of such transfers were made; and/or (iii) allege additional causes of action arising under the Bankruptcy Code or applicable non-bankruptcy laws (collectively, the "**Amendments**"), that may become known during the course of this adversary proceeding through investigation, formal discovery or otherwise, and for the Amendments to relate back to the date of filing of this complaint.

41.     To any extent that any of defendants, or any of their respective subsidiaries, parent companies, transferees, successors, predecessors, spouses, agents or affiliates, has filed proof(s) of claim or have claims listed on Debtor's schedules as undisputed, liquidated and not contingent, or have otherwise requested payment from the Debtor or this Estate (collectively, the **"Claims"**), this complaint is not intended to be, nor shall it be construed as, a waiver of Plaintiff's right to object to any of such Claims for any reason including, but not limited to, 11 U.S.C. § 502, and all such rights are expressly reserved.  Notwithstanding this reservation of rights, certain relief pursuant to 11 U.S.C. § 502(d) is sought by this complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter relief and judgment in his favor, for the benefit of the Estate, and against Defendants, as follows:

**On the First, Second & Third Claims for Relief**:

1.     For a determination that the Fraudulent Transfer was a fraudulent transfer within the meaning of 11 U.S.C. § 548; and

2.     For a judgment against each of the named recipient defendants avoiding the Fraudulent Transfer for the benefit of the Estate in the amounts thereof according to proof;

3.     For a determination and judgment that, upon avoidance of the Fraudulent Transfer,

1  Plaintiff is entitled, pursuant to 11 U.S.C. § 550, to recover for the benefit of the Estate the money
2  or property transferred or, if the Court so orders, the value of such money or property, from such
3  recipient defendants, the initial transferee of each such transfer (or such person, trust or entity for
4  whose benefit each such transfer was made), and any immediate or mediate transferee of such
5  initial transferee.

**On the Fourth Claim for Relief**:

Awarding Plaintiff general and punitive damages according to proof, if deemed appropriate by order of the Court.

**On the Fifth Claim for Relief:**

For a determination that Plaintiff is entitled to the immediate turnover of the Subject Property from defendants to Plaintiff for administration along with other property of the Estate; and that, to any extent that such property has been further transferred, expended, disposed of or rendered not recoverable herein, then Plaintiff is entitled to a money judgment against the initial transferee defendant(s) for reasonable value of such property as of the Petition Date.

**On the Sixth Claim for Relief:**

Issuing a temporary restraining order and preliminary injunction providing that Defendants, their attorneys, representatives, agents, transferees, successors, and each of them, be restrained from selling, disposing of, transferring, conveying, or encumbering the Subject Property and all proceeds and profits thereof pending the trial or other final disposition of this adversary proceeding.

**On the Seventh Claim for Relief:**

Ordering that, not later than fifteen (15) days after entry of the Court's order, the Defendants, and each of them, shall deliver a detailed written account to Plaintiff for all proceeds and profits earned from or received in connection with the Subject Property transferred from the date of the Fraudulent Transfer through the date such accounting is given.

///
///
///

**On All Claims for Relief:**

1. Awarding Plaintiff the right to recovery of all costs and expenses incurred in connection with this adversary proceeding; and

2. Awarding such other and further relief as this Court deems proper

Dated: September 11, 2014          SLATER & TRUXAW, LLP

By:   */s/ Gary E. Slater*
      GARY E. SLATER
      TIMOTHY J. TRUXAW
      Attorneys for Richards M Kipperman,
      Chapter 7 Trustee, Plaintiff



Tulsa County Clerk - EARLENE WILSON
Doc # 2008020489 Pages 1
Receipt # 971801   02/28/08 11:07:06
Fee 13.00

*000971801001*

## CORPORATION WARRANTY DEED
### JOINT TENANCY
(Special Form)

EXEMPTION: DOCUMENTARY STAMP
TAX O.S. TITLE 68, ARTICLE 32,
SECTION 3202 PAR 12

KNOWN ALL MEN BY THESE PRESENTS:
THAT FEDERAL HOME LOAN MORTGAGE CORPORATION, a Corporation, party of the first part, in consideration of the sum of Ten & 00/100 dollars and other valuable consideration to it in hand paid, the receipt of which is hereby acknowledged does hereby grant, bargain, sell and convey unto JAN AUSDEMORE, A MARRIED PERSON AND LUKE AUSDEMORE, A SINGLE PERSON, FATHER AND SON, AS JOINT TENANTS AND NOT AS TENANTS IN COMMON, WITH THE RIGHT OF SURVIVORSHIP, THE WHOLE ESTATE TO VEST IN THE SURVIVOR IN THE EVENT OF THE DEATH OF EITHER, Parties of the second part, the following described real property and premises situated in Tulsa County, State of Oklahoma, described as follows:

Lot Fourteen (14), Block Three (3), Minshall Pointe, a Subdivision in the City of Tulsa, Tulsa County, Oklahoma, according to the Recorded Plat No 4927.

TAX I.D. NUMBER: PARCEL 27815-83-10-81510    TAXROLL #07-01-0587500

Subject to easements, rights of way and restrictive covenants of record. Less and except all oil, gas and other minerals previously reserved or conveyed of record.
Together with all the improvements thereon and the appurtenances thereunto belonging, and warrant the title to the same to be free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature made or suffered to be made by the party of the first part.

TO HAVE AND TO HOLD said described premises unto the said parties of the second part, its successors, heirs and assigns forever.

SIGNED AND DELIVERED THIS 5th DAY OF FEBRUARY, 2008.

**Grantee Mailing Address:**
Jan Ausdemore & Luke Ausdemore
9685 Graceland Way
San Diego, CA 92129

Mail Tax Statement to:
Lender to notify you of where to mail tax statement.

FEDERAL HOME LOAN MORTGAGE CORPORATION
By: Chicago Title Insurance Co., a Missouri Corporation, dba Service Link, their Attorney in Fact per Limited Power of Attorney filed in the County Clerks Office, Tulsa County, State of Oklahoma as document #2007069344, which is still in force and has not been revoked.

By: _____
Scott Kistner    VICE-PRESIDENT

Recording requested by:
Capitol Abstract, 6601 Broadway Extension
Bldg 5, Oklahoma City, OK 73116 order #7080163

---

### CORPORATION ACKNOWLEDGMENT – (OKLAHOMA FORM)

STATE OF Pennsylvania  }
                       } ss.
COUNTY OF Beaver       }

Before me, the undersigned, a Notary Public, in and for said County and State, on this 5 day of FEBRUARY, 2008 personally appeared Scott Kistner to me known to be the identical person who signed the name of the maker thereof to the within and foregoing instrument as its    Vice President /Attorney in Fact and acknowledged to me that he/she executed the same as free and voluntary act and deed, and as the free and voluntary act and deed of said corporation, for the uses and purposes therein set forth.
Given under my hand and seal the day and year last above written.

Notary Public Marsha L. Hancock
COMMISSION NUMBER:
My Commission Expires: 10/10/10

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Marsha L. Hancock, Notary Public
Hopewell Twp., Beaver County
My Commission Expires Oct. 10, 2010
Member, Pennsylvania Association of Notaries

Tulsa County Clerk - PAT KEY
Doc # 2013011520 Page(s): 4 Recorded 02/01/2013 at 03:45 PM
Receipt # 394618 Fee $19.00



## AFFIDAVIT OF SURVIVING JOINT TENANT

STATE OF OKLAHOMA )
                           ) ss.
COUNTY OF TULSA )

Now on this 25TH day of JANUARY, 2013, I Jan Ausdemore of lawful age, being duly sworn, states as follows:

On the 4th day of February, 2008, there was conveyed by deed to Jan Ausdemore, a married person and Luke Ausdemore, a single person, father and son, as joint tenants, and not as tenants in common, with right of survivorship, the following described real property, situated in Tulsa County, Oklahoma, to-wit:

**Lot Fourteen (14), Block Three (3), MINSHALL POINTE,
a Subdivision in the City of Tulsa, Tulsa County, Oklahoma,
according to the Recorded Plat No. 4927.**

which deed was recorded in the records of the County Clerk of Tulsa County, Oklahoma, on February 28, 2008 as Document #2008020489.

There is attached hereto a certified copy of the death certificate of Luke Ausdemore, deceased, issued by the Department of Health for the State of California, showing that the deceased joint tenant died on the 5th day of October, 2010.

Luke Ausdemore, the person named in the death certificate attached hereto, is one and the same person as the deceased joint tenant named in the deed recorded as above set forth.

Affiant further states that on the date of Luke Ausdemore's death, he and affiant, the surviving joint tenant, were father and son.

Further Affiant sayeth not.

                                                    _____
                                                    Jan Ausdemore

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2013, by Jan Ausdemore.

_see below_

_____
Notary Public

My Commission expires: _____

Commission No. _____

## ACKNOWLEDGMENT

STATE OF OKLAHOMA   )
                    ) ss.
COUNTY OF TULSA     )

Before me, the undersigned Notary Public in and for said County and State, on this 25th day of JANUARY, 2013, personally appeared Jan Ausdemore to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth.

_Kirsti Jo Donaldson_
Notary Public

My Commission expires: JUNE 18, 2014

Commission No. 1892989

KIRSTI JO DONALDSON
COMM. #1892989
Notary Public · California
San Diego County
My Comm. Expires June 18, 2014

RIGGS, ABNEY
502 W 6TH ST
TULSA, OK 74119

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

## COUNTY OF SAN DIEGO
### ASSESSOR/RECORDER/COUNTY CLERK

**CERTIFICATE OF DEATH** — 3201037015434

| Field | Value |
|---|---|
| 1. Name of Decedent — First | LUKE |
| 2. Middle | MICHAEL |
| 3. Last | AUSDEMORE |
| 4. Date of Birth | 07/12/1985 |
| 5. Age | 25 |
| 6. Sex | M |
| Birth State | CA |
| 10. Social Security Number | 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 |
| Ever in U.S. Armed Forces | NO |
| Marital Status | NEVER MARRIED |
| Date of Death | 10/05/2010 |
| Hour | 2135 |
| Education | BACHELOR |
| Race | CAUCASIAN |
| 17. Usual Occupation | BUSINESS OWNER |
| 18. Kind of Business/Industry | RESIDENTIAL CONSTRUCTION |
| Years in Occupation | 6 |
| Decedent's Residence | 9685 GRACELAND WAY |
| City | SAN DIEGO |
| County | SAN DIEGO |
| Zip | 92129 |
| Years in County | 20 |
| State | CA |
| Informant's Name | JAN BERNARD AUSDEMORE, FATHER |
| Informant's Address | 9685 GRACELAND WAY, SAN DIEGO, CA 92129 |
| Father — First | JAN |
| Middle | BERNARD |
| Last | AUSDEMORE |
| Birth State | NE |
| Mother — First | BARBARA |
| Middle | MARIE |
| Last | GUTHMILLER |
| Birth State | SD |
| Disposition Date | 10/13/2010 |
| Place of Final Disposition | MEMORIAL PARK CEMETERY, 5111 S MEMORIAL DR, TULSA, OK 74145 |
| Type of Disposition | TR/BU |
| Signature of Embalmer | EMORY HOOK |
| License Number | EMB6753 |
| Funeral Establishment | EL CAMINO MEMORIAL- SV |
| License Number | FD1260 |
| Signature of Local Registrar | WILMA WOOTEN, MD |
| Date | 10/13/2010 |
| Place of Death | UCSD MEDICAL CENTER |
| County | SAN DIEGO |
| Facility Address | 200 W. ARBOR DRIVE |
| City | SAN DIEGO |
| Cause of Death | PENDING |
| Coroner Case # | 10-02051 |
| Biopsy Performed | NO |
| Autopsy Performed | YES |
| Used in Determining Cause | YES |
| Manner of Death | Pending Investigation |
| Signature of Coroner | OTHON J MENA MD |
| Date | 10/08/2010 |
| Type Name/Title | OTHON J MENA MD, DEP MED EXAMINER |

R99
R99

1 OF 2

This is a true and exact reproduction of the document officially registered and placed on file in the office of the San Diego County Recorder/Clerk.

November 2, 2012

Ernest J. Dronenburg, Jr.
Assessor/Recorder/County Clerk

This copy is not valid unless prepared on an engraved border displaying date, seal and signature of the Recorder/County Clerk

*00338 4707*

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

## COUNTY OF SAN DIEGO
### ASSESSOR/RECORDER/COUNTY CLERK

**PHYSICIAN/CORONER'S AMENDMENT**
NO ERASURES, WHITEOUTS, PHOTOCOPIES, OR ALTERATIONS

STATE FILE NUMBER: 3062010172713
LOCAL REGISTRATION NUMBER: 3201037015434

1.1    ☐ BIRTH    ☒ DEATH    ☐ FETAL DEATH

TYPE OR PRINT CLEARLY IN BLACK INK ONLY – THIS AMENDMENT BECOMES AN ACTUAL PART OF THE OFFICIAL RECORD

### PART I — INFORMATION TO LOCATE RECORD

| 1A. NAME—FIRST | 1B. MIDDLE | 1C. LAST | 2. SEX |
|---|---|---|---|
| LUKE | MICHAEL | AUSDEMORE | M |

| 3. DATE OF EVENT—MM/DD/CCYY | 4. CITY OF EVENT | 5. COUNTY OF EVENT |
|---|---|---|
| 10/05/2010 | SAN DIEGO | SAN DIEGO |

### PART II — STATEMENT OF CORRECTIONS

CERTIFICATE ITEM NUMBER: 1255

LIST ONE ITEM PER LINE

| 6. CERTIFICATE ITEM NUMBER | 7. INFORMATION AS IT APPEARS ON ORIGINAL RECORD | 8. INFORMATION AS IT SHOULD APPEAR |
|---|---|---|
| 107A | PENDING | DROWNING |
| 107AT | - | RAPID |
| 112 | - | NONE |
| 113 | - | NO |
| 119 | PENDING INVESTIGATION | ACCIDENT |
| 120 | | NO |
| 121 | | 10/05/2010 |
| 122 | | UNK |
| 123 | | BAY |
| 124 | 2 OF 2 | DROWNED IN BAY WHILE FREEDIVING FOR LOBSTERS |
| 125 | | 1200 BLOCK OF MISSION BAY DRIVE, SAN DIEGO, CA 92109 |

**DECLARATION OF CERTIFYING PHYSICIAN OR CORONER**

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

| 9. SIGNATURE OF CERTIFYING PHYSICIAN OR CORONER | 10. DATE SIGNED—MM/DD/CCYY | 11. TYPED OR PRINTED NAME AND TITLE/DEGREE OF CERTIFIER |
|---|---|---|
| OTHON J MENA MD | 12/02/2010 | DEP MED EXAMINER |

| 12. ADDRESS—STREET and NUMBER | 13. CITY | 14. STATE | 15. ZIP CODE |
|---|---|---|---|
| 5555 OVERLAND AVE, BLDG 14 | SAN DIEGO | CA | 92123 |

**STATE/LOCAL REGISTRAR USE ONLY**

| 16. OFFICE OF VITAL RECORDS OR LOCAL REGISTRAR | 17. DATE ACCEPTED FOR REGISTRATION—MM/DD/CCYY |
|---|---|
| STATE REGISTRAR - OFFICE OF VITAL RECORDS | 12/06/2010 |

This is a true and exact reproduction of the document officially registered and placed on file in the office of the San Diego County Recorder/Clerk.

November 2, 2012

Ernest J. Dronenburg, Jr.
Assessor/Recorder/County Clerk

This copy is not valid unless prepared on an engraved border displaying date, seal and signature of the Recorder/County Clerk

*003384702*

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

Tulsa County Clerk - PAT KEY
Doc # 2013042027 Page(s): 2 Recorded 04/30/2013 at 04:14 PM
Receipt # 401960 Fee $15.00



# QUIT CLAIM DEED
~~~~

**THIS INDENTURE**, made this 23rd day of April, 2013, between Jan Ausdemore and Barbara Marie Ausdemore, husband and wife, Party of the First Part, and Luke Michael Ausdemore Foundation, LLC, Party of the Second Part.

**WITNESSETH**, that said Party of the First Part, in consideration of the sum of ONE AND NO/100 DOLLARS ($1.00) to them duly paid, the receipt whereof is hereby acknowledged, does hereby grant, bargain, sell, convey and quit-claim unto Party of the Second Part, and to its heirs and assigns forever, all their right, title and interest and estate, both at law and in equity, of, in and to, the following described real estate situated in the County of Tulsa, State of Oklahoma, to-wit:

Lot Fourteen (14), Block Three (3), Minshall Pointe, an Addition to the City of Tulsa, Tulsa County, State of Oklahoma, according to the recorded plat no. 4927.

**NO DOCUMENTARY STAMPS REQUIRED PURSUANT TO 68 O.S. §3202(4)**

Together with all and singular the hereditaments and appurtenances thereunto belonging. TO HAVE AND TO HOLD the above granted premises unto the said Party of the Second Part, its heirs and assigns forever.

**IN WITNESS WHEREOF**, the said Party of the First Part has hereunto set their hand the day and year above written.

_____
Jan Ausdemore

_____
Barbara Marie Ausdemore

STATE OF OKLAHOMA  )
                  ) ss.
COUNTY OF TULSA   )

Before me, the undersigned, a Notary Public, in and for said County and State, on this _____ day of April, 2013, personally appeared Jan Ausdemore and Barbara Marie Ausdemore, husband and wife, to me known to be the identical persons who executed the within and foregoing instrument and acknowledged to me that they executed the same as their free and voluntary act and deed for the uses and purposes therein set forth.

Given under my hand and seal of office the day and year last above written.

Please See attached CALIFORNIA
Notary Public                    CERTIFICATE

My Commission expires:_____
Commission #_____



TOM BINGHAM
1515 S DENVER AVE
TULSA, OK 74119



# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of **San Diego**

On **04/23/2013** before me, **R.C. Kothari Notary Public**,
(Here insert name and title of the officer)

personally appeared **JAN BERNARD AUSDEMORE AND BARBARA MARIE AUSDEMORE**

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_RC Kothari_
Signature of Notary Public

(Notary Seal)

OFFICIAL SEAL
R. C. KOTHARI
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 1918274
SAN DIEGO COUNTY
MY COMM. EXP. JAN. 17, 2015

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

_Quit Claim Deed_
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____  Document Date _____

_____
(Additional information)

### CAPACITY CLAIMED BY THE SIGNER
- ☒ Individual (s)
- ☐ Corporate Officer
  _____
  (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

### INSTRUCTIONS FOR COMPLETING THIS FORM
*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they,- is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

OFFICIAL SEAL
R. C. KOTHARI
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 1918274
SAN DIEGO COUNTY
COMM. EXP. JAN. 17, 2015   CAPA v12.10.07 800-873-9865 www.NotaryClasses.com